## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SHEILA D. HOLMES BULLOCK**                                   **CIVIL ACTION**

**VERSUS**                                                     **NO.  06-1792**

**JO ANNE B. BARNHART**,                                       **SECTION: B**
**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION**

### ORDER AND REASONS

**IT IS ORDERED** that Plaintiff's objections are overruled and we hereby **ADOPT** the

Magistrate Judge's Report and Recommendation (Rec. Doc. No. 14), discussing the instant

petition.  Defendant's motion for Summary Judgment (Rec. Doc. No. 12) is granted, and

Plaintiff's motion for Summary Judgment  is denied for below reasons.

### DISCUSSION

The function of this court on judicial review is limited to determining whether the

magistrate judge's findings (1)  that there was sufficient evidence in the record to support the

ALJ's decision to accord greater weight to Dr. Faust's opinion than to that of Dr. Meyers and (2)

that the ALJ applied the appropriate legal standards in evaluating the medical evidence constitute

plain error. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

The failure of the ALJ to analyze the medical opinions of Bullock's treating orthopedist

under the framework set forth in § 404.1527(d) does not constitute plain error.  According to

SSR 96-2p, "[e]ven if a treating source's medical opinion is well-supported, controlling weight

may not be given to the opinion unless it also is 'not inconsistent' with the other substantial

evidence in the case record."  Here, the record includes evidence, detailed by the Magistrate's

report and recommendation, that is inconsistent with Dr. Meyer's testimony.  Dr. Faust's

1

opinion, based on his physical examination of Bullock and her medical records, that Bullock did not meet or equal the listing requirements is substantial medical evidence under the standard laid out in *Richardson v. Perales*.  It was not plain error for the ALJ to determine that the testimony offered by Dr. Faust constituted "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. 389, 401 (1971).

In addition, SSR 96-2p states explicitly that, "a treating source's medical opinion on what an individual can still do despite his or her impairment(s) will not be entitled to controlling weight if substantial, nonmedical evidence show that the individual's actual activities are greater than those provided in the treating sources opinion."  That is exactly the case we have before us. Despite Dr. Meyer's opinion that Bullock was disabled and met the criteria major dysfunction of the knee joint (R.17 at 181-82), there is substantial nonmedical evidence that Bullock did not meet the criteria.  Bullock was able to walk using only one cane. R.202.  When she applied for benefits, she reported that she lived at home and cared for her husband who had active lung cancer.  She assisted him with his daily activities.  She prepared easy, fast meals on a daily basis. She was able to do laundry and limited cleaning every other day.  She brought her husband to his medical appointments and chemotherapy.  She did limited grocery shopping about once a month. She was able to drive a car and go out alone. R. 79-86.  She testified that she could climb a few stairs using a hand rail. R.200.  This nonmedical evidence is sufficient to support a conclusion that Dr. Faust's opinion was more credible than that of Dr. Meyers.   Therefore, the ALJ's decision not to accord controlling weight to Dr. Meyer's opinion was not error.  In fact, it would have been error for the ALJ to have given controlling weight to Dr. Meyer's opinion when it was inconsistent with other substantial evidence in the case record.  SSR 96-2p.

A finding that a treating source's medical opinion is not entitled to controlling weight does not necessarily mean that it will be rejected.  It may still be entitled to deference and be adopted by the adjudicator. SSR 96-2p.  However, a treating physician's opinion may be given little or no weight when the evidence supports a contrary conclusion. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).  Bullock points to language in SSR 96-2p, a 1996 administrative opinion, that entitles treating source medical opinions to deference and requires them to be weighed according to all of the factors provided in CFR 404.1527.  Bullock also cites *Newton* for the proposition that "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(2)(d)." *Newton,* 209 F.3d at 453.  According to Bullock, the ALJ was required to weigh the § 404.1527 factors because there was an absence of reliable evidence from another physician controverting Dr. Meyers.  This argument is based on a faulty premise, i.e. that Dr. Faust's medical opinion based on his examination of Bullock was not reliable.  As the Magistrate noted, "inasmuch as Dr. Faust expressed his opinion after a physical examination of Bullock, there was reliable medical evidence controverting Dr. Meyer's opinion." Rec. Doc. 14 (Report and Recommendations) at 16.  Therefore, under the portion of *Newton* cited by the Plaintiff, the ALJ was not required to make the §404.1527 analysis.

Further, there is additional Fifth Circuit precedent that where the consulting physician also examined the claimant, the ALJ is not required to perform the §404.1527 weighing.  In *Beasley v. Barnhart*, 191 Fed. Appx. 33, 2006 WL 2062101 (5th Cir.(Tex.)), applying *Newton,* the Fifth Circuit found that the ALJ was required to make the § 404.1527 analysis because the

medical consultant *never examined or treated the claimant*.  An ALJ is not required to perform a §404.1527 analysis where another examining physician offers reliable evidence controverting the opinion of the treating physician.


 January   31st   2007
DATE

UNITED STATES DISTRICT JUDGE

4